**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30144 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-05494-KLS-1 |
| v. | |
| CEASAR A. COGGER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted July 7, 2015[**]
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges and CARNEY,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Cormac J. Carney, United States District Judge for the
Central District of California, sitting by designation.

Ceasar Cogger appeals the district court's order affirming his conviction for three counts of simple assault. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Cogger claims that the trial court erred in permitting Gustavo Gurrola to invoke a blanket Fifth Amendment privilege against self-incrimination. Cogger's claim is belied by the record. Because Cogger did not object below, we review for plain error. *See United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015). Here, the trial court did not permit a blanket assertion of the privilege. Rather, the court adopted a question-by-question approach. And, in evaluating "the questions, their setting, and the peculiarities of the case," the court could determine that Gurrola's answers could subject him to "a real and appreciable danger of incrimination" as a member of the armed forces with a duty to report certain misconduct. *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996) (quoting *United States v. Neff*, 615 F.2d 1235, 1240 (9th Cir. 1980)). Thus, the court did not err in assessing Gurrola's invocation of his Fifth Amendment privilege.

2. Cogger also challenges the trial court's failure to order sua sponte the government to grant Gurrola immunity in exchange for his testimony at trial. Cogger, however, has not shown that the requirements for compelling immunity were satisfied. *See United States v. Straub*, 538 F.3d 1147, 1162 (9th Cir. 2008).

**AFFIRMED.**